IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LOUIS ANTHONY DAVIS, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:21-CV-617-P |
| § | | |
| BILL WAYBOURN, Sheriff, § | | |
| Tarrant County, Texas, § | | |
| Respondent. § | | |

### OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Louis Anthony Davis, a state pretrial detainee confined in the Tarrant County jail when the petition was filed, against Bill Waybourn, Sheriff of Tarrant County, Texas, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as moot.

**I. BACKGROUND**

In 2013 Petitioner was indicted in Tarrant County, Texas, Case No. 1313350D, for murder (Count One), possession of a firearm by a felon (Count Two), and tampering with evidence (Count Three). Resp't's Resp., Ex. 1, ECF No. 8. On October 14, 2015, Petitioner was found not guilty by reason of insanity on the murder charge, but the trial court took no action and made no findings as to Counts Two and Three. *Id.* Exs. 2, 3. On July 30, 2021, the trial court dismissed Counts Two and Three. *Id.* Ex. 4. Subsequently, on August 2, 2021, Petitioner was released to Tarrant County MHMR for court-ordered outpatient treatment and supervision on the murder charge. *Id.* Exs. 5, 6. Petitioner has not notified the Court of his

change of address and his current whereabouts are unknown.

In this petition, Petitioner challenges his pretrial confinement as to Counts Two and Three in four grounds, alleging (1) collateral estoppel; (2) double jeopardy; (3) harassment and bad faith prosecution; and (4) inordinate delay. Pet. 5–6, ECF No. 1. He seeks "discharge from illegal restraints on [his] liberty." *Id.* at 7. Respondent asserts that the petition has been rendered moot by the trial court's dismissal of the remaining charges and Petitioner's release from confinement. Resp't's Resp. 5, ECF No. 8.

**II. DISCUSSION**

A state pretrial detainee's suit challenging his confinement is properly brought pursuant to § 2241. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bur. of Prisons,* 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987) (finding § 2241 petition moot where prisoner who asked to be released from confinement was released from confinement)). Because the charges under Counts Two and Three have been dismissed and Petitioner has been released from Respondent's custody, the petition relating to his pretrial confinement has been rendered moot. Article III of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings, including habeas-corpus actions. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).

## III. CONCLUSION

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** as moot. A certificate of appealability is **DENIED**.

**SO ORDERED** on this 7th day of September, 2021.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE